# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 16, 1922.

STANLEY MOGUL, ETC.,

VS.

CHARLES D. GAITHER, COMMISSIONER OF POLICE.

*E. Milton Altfeld* for plaintiff.
*Allan H. Fisher*, Assistant Attorney-General, for defendant.

STEIN, J.—

The plaintiff seeks to restrain the enforcing, by the police authorities, of Ordinance No. 684 of the Mayor and City Council of Baltimore; approved March 3, 1922; because the ordinance is unconstitutional, in that:

1. Its title violates Section 221 of the City Charter, page 185, which provides that every ordinance shall embrace but one subject, which shall be described in its title; and because

2. It, the ordinance, is class legislation, in that it arbitrarily exempts from its operation the following classes of public sales, viz.:

a. Judicial sales, and sales by executors or administrators.

b. Sales by licensed pawnbrokers of unredeemed pledges, *in manner provided by law.*

c. The sale of the stock on hand of any person or corporation, that shall, for one year next preceding such sale, have been continuously in business in

the City of Baltimore as a retail or wholesale merchant; limiting such sale to stock on hand to successive days—Sundays and legal holidays excepted—and not more than thirty days in all, in any one year.

The ordinance contains a title and three sections; its second and third sections, contain nothing objectionable to any constitutional provision; its title and first section are as follows, viz.:

## No. 684.

An Ordinance to prohibit the sale at public auction of any gold, silver, plated ware, precious stones, watches, clocks or jewelry.

SECTION 1. Be it ordained by the Mayor and City Council of Baltimore, that it shall be unlawful for any person or persons or corporation to sell, dispose of, or offer for sale, in the City of Baltimore, at public auction, or to cause or permit to be sold, disposed of, or offered for sale, in the City of Baltimore, at public auction, any gold, silver, plated ware, precious stones, watches, clocks or jewelry, whether the same shall be their own property or whether they sell the same as agents or employees of others; provided, however, that this section shall not apply to judicial sale or sales by executors or administrators, nor to sales by or on behalf of licensed pawnbrokers of unredeemed pledges in manner provided by law, nor to the sale at public auction of the stock on hand of any person or persons or corporation that shall, for the period of one year next preceding such sale, have been continuously in business in the City of Baltimore as a retail or wholesale merchant of gold, silver, plated ware, precious stones, watches, clocks or jewelry; provided, further, that such sale at public auction of the stock on hand of such merchant or merchants shall be held on successive days, Sundays and legal holidays excepted, and shall not continue for more than thirty days in all within the period of one year.

A reading of the title shows it is not open to objection. The title to the ordinance is not misleading, its subject-matter is well within the title. The second section does not contain anything within the constitutional inhibition set out in the very excellent oral and written arguments of the plaintiff's counsel.

The chief objection against the ordinance is that it is bad, because of class legislation.

The exempted classes are:

a. Judicial sales, and those by executors or administrators.

b. Sales by licensed pawnbrokers of unredeemed pledges, *in the manner provided by law;* and

c. The sale of the stock on hand of persons or corporations that shall for one year next preceding such sale have been continuously in business in the City of Baltimore as a retail or wholesale merchant; limiting such sale during any one year to the stock on hand, and to not more than thirty successive days, Sundays and legal holidays excepted.

Judicial sales and those made by executors or administrators are made under the authority of the general law and are not only excepted by the very words of the ordinance, but are not within the mischiefs intended to be reached by it; such sales would not be affected by the ordinance if not expressly excepted.

The next excepted class, i. e., pawnbrokers sales, when made *in the manner provided by law;* under the very words of the ordinance does not conflict with any constitutional provision. The other class excepted, which is that most strongly condemned in argument, allows public auction sales for thirty successive business days in any one year of the stock on hand, of persons or corporations, who for one year next preceding such sales, shall have been continuously in business in the City of Baltimore.

The law recognizes class legislation, but it requires (a) that it be uniform among all the members of the class to be affected; (b) that it shall not be arbitrary, nor unnecessarily oppressive, and (c) shall have a reasonable relation to the purposes of the act; so that the question here is, Does the ordinance here attack each of these requirements?

This ordinance, which is an exercise of the police power, is intended to prohibit public auction sales of watches, jewelry and the other kinds of merchandise, usually sold at such sales, so as to protect buyers at such sales from that imposition and fraud, which experience has shown is usually attendant upon them. In drawing this ordi-

nance its framers knew that common knowledge and experience shows the following, viz.:

1. That a public auction sale is not the usual method of selling merchandise like that named in the ordinance.

2. That but two classes of persons sell such merchandise at public auction, viz.:

(a) Reputable merchants, because, either retiring from business, or of a wish to reduce inventory, or of the need or wish to raise money more quickly than by sale in the ordinary course of business.

(b) By merchants, not reputable, who would make sale at public auction from a desire to deceive and defraud the public, who often are itinerant merchants with but little, if any, financial responsibility, who go from place to place to make such sales and remain in each place but a short time, leaving it in time to avoid being held civilly or criminally responsible for the fraud at such sales.

3. That sales by public auction, when made by a reputable merchant, rarely can last more than a few days; almost never last as long as thirty consecutive business days in any one year, and ordinarily would not be needed by such a merchant until he had been in business for at least one year, who would confine such sale to the stock on hand.

4. That when made by the second class of merchants, such kind of sales are continuous—usually last more than thirty days—ordinarily, until the attendant fraud becomes so well known as either to make such sales unprofitable or to require the merchant making them to leave to avoid civil or criminal action for such fraud and is not confined to the stock on hand, but is made from new stock of a kind readily lending itself to deceive the buyer.

The question here is: Can the court as a matter of law say that classification with the above foundation is arbitrary or unreasonable?

The classification named in the ordinance is a natural one, the provisions in it limiting public auction sales to merchants in business for one year and limiting such sale to stock on hand and to thirty consecutive days in any one year, is neither arbitrary nor unreasonable.

No one can complain of the test of one year's business life in the community before allowing a merchant to conduct a public auction sale of the kind named in the ordinance, nor is the time limit of such sale to thirty consecutive business days in any one year for such sales arbitrary or unreasonable, when common knowledge and experience shows that a much less period is the maximum time usually required for public auction sales of like merchandise for ordinary business purposes.

As the ordinance is free from the constitutional objections complained of, I will sign an order sustaining the demurrer in the bill; granting fifteen days' leave to amend, if desired. If this leave is not wanted the order will sustain the demurrer and dismiss the bill.